# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEVEN KADONSKY, | |
| Petitioner, | Civil Action No. 20-16778 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner Steven Kadonsky's filing of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2255. (Pet., ECF No. 1.) Petitioner is a former prisoner who is currently serving a three-year term of supervised release. (Br. in Supp. 9, 35[1], ECF No. 1-3.) His Petition argues that, under the First Step Act of 2018, he has accumulated time credits that entitle him to a reduction of his period of supervised release. (*Id.* at 10.)

The Court lacks jurisdiction over Petitioner's instant § 2255, however, because Petitioner previously filed another § 2255 petition in 2018. *See Kadonsky v. United States*, Civ. No. 18- 5819, ECF No. 1 (D.N.J. Apr. 9, 2018).[2] Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). Before a district court may entertain a second or successive motion, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "When a second or

---

[1] Page numbers refer to those located on the ECF header.

[2] The Court ultimately denied the petition as time barred. *See Kadonsky v. United States*, Civ. No. 18-5819, ECF Nos. 5, 6 (D.N.J. Aug. 23, 2018).

successive habeas petition is erroneously filed in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)). Here, it does not appear that Petitioner has received authorization from the Third Circuit to bring a second or successive § 2255 petition. Therefore, this Court will dismiss the Petition. If Petitioner seeks to brings another § 2255, he must first request authorization from the Third Circuit.

Alternatively, Petitioner may file a motion in his criminal case to reduce his term of supervised release under the First Step Act. *See* 18 U.S.C. §§ 3583(e), 3624; *see also Chapple v. United States*, Civ. No. 19-18213, 2020 WL 614552, at *2 (D.N.J. Feb. 10, 2020) ("Nevertheless, assuming that Petitioner is serving a term of supervised release, he may generally seek modification of his supervised release term by filing a motion with the sentencing court."). "The First Step Act provides authority to district courts to reduce imposed *sentences*, a term that encompasses equally terms of imprisonment and terms of supervised release[.]" *United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020)) (emphasis in original); *see also United States v. Easter*, 975 F.3d 318 (3d Cir. 2020) (recognizing district court's discretion to reduce a defendant's term of supervised release under the First Step Act). Accordingly, Petitioner may instead choose to file a motion for a reduction of his term of supervised release under his criminal docket, *United States v. Kadonsky*, Crim. No. 97-154 (D.N.J.).

**IT IS** therefore on this  16th  day of  December , 2020,

**ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Plaintiff by regular mail; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as CLOSED.

_/s/ Michael A. Shipp_
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**